UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SANTIAGO PUJALS, JR.,

                    Plaintiff,

      -against-

BDO USA, P.C.,

                    Defendant.

Case No. 1:25-cv-01757 (JLR)

**MEMORANDUM**
**OPINION AND ORDER**

---

JENNIFER L. ROCHON, United States District Judge:

Currently before the Court are Defendant's motion to stay discovery pending resolution of its motion to dismiss Plaintiff's Complaint, *see* Dkt. 33, and Plaintiff's motion for leave to file a proposed first amended complaint (the "FAC"), *see* Dkt. 37; Dkt. 38-1 ("FAC"). For the reasons that follow, the Court will permit Plaintiff to file the FAC, will not deny the pending motion to dismiss as moot, and will stay discovery pending resolution of the motion to dismiss.

## I. Plaintiff's Motion to Amend

Federal Rule of Civil Procedure ("Rule") 15(a)(1)(B) permits a party to amend a pleading once as a matter of course no later than 21 days after service of a responsive Rule 12(b) motion. *See* Fed. R. Civ. P. 15(a)(1)(B). Pursuant to this Court's Individual Rule 3.B, "the Court will dismiss the original motion to dismiss as moot" upon the filing of an amended complaint as of right pursuant to Rule 15(a)(1)(B). Ind. R. 3.B. Outside of this 21-day window, a party may file an amended pleading under Rule 15(a)(2) "with the opposing party's written consent or the court's leave," and "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). "Leave to amend, though liberally granted, may properly be denied for: 'undue delay, bad faith or dilatory motive on the part of the movant, repeated

failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.'" *Ruotolo v. City of New York*, 514 F.3d 184, 191 (2d Cir. 2008) (quoting *Foman v. Davis*, 371 U.S. 178, 182, (1962)).  The Second Circuit "ha[s] referred to the prejudice to the opposing party resulting from a proposed amendment as among the 'most important' reasons to deny leave to amend."  *AEP Energy Servs. Gas Holding Co. v. Bank of Am., N.A.*, 626 F.3d 699, 725 (2d Cir. 2010) (quoting *State Teachers Ret. Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981)).

In relevant part, Plaintiff asserts a claim against Defendant for anticipatory breach of a promissory note (the "Note") and a subsequent warrant agreement (the "Warrant") that were entered into after Defendant acquired Plaintiff's accounting firm and converted it into a professional corporation.  *See generally* Dkt. 1 ("Compl.").  Pursuant to the Note, Defendant promised to pay Plaintiff, upon his retirement, $3,218,865.09 plus interest accruing from the date of the Note's execution, in exchange for which Plaintiff would "surrender[] all his equity in the professional corporation."  *Id.* ¶ 8; *see id.* ¶ 30.  In support of his motion to amend, Plaintiff explains that "[s]ince the filing of the Complaint, [Defendant] has missed interest payments," thus triggering an acceleration clause in the Note and entitling Plaintiff to a default interest rate.  *See* Dkt. 38 at 2.  Accordingly, Plaintiff's proposed FAC "asserts that an event of default has occurred because interest payments have been missed and alleges that therefore the full amount of the . . . [N]ote is due and payable with interest at the default rate." *Id.* (citing FAC ¶¶ 79-94).  Among other "editorial changes," the FAC also adds new allegations regarding Plaintiff's retirement date and retirement status.  *Id.* at 3 (citing FAC ¶¶ 22, 74, 75).

On July 9, 2025, more than 21 days after Defendant filed its motion to dismiss the Complaint, Plaintiff's counsel informed Defendant's counsel that Plaintiff intended to move for leave to amend and inquired "whether Defendant [would] consent to a motion for leave without prejudice to respond to the [FAC]." Dkt. 42-1 at 4.  Two days later, Defendant's counsel responded that they would consent to Plaintiff's motion for leave to amend if he agreed to "stipulate that the amendment [would] not moot or impact Defendant's pending motion to dismiss." *Id.* at 2.  Plaintiff's counsel replied that they "c[ould]n't agree to that stipulation as the [C]ourt may conclude otherwise," *id.*, and filed his motion without Defendant's consent later that day, on July 11, 2025, *see* Dkt. 37.

Defendant opposes Plaintiff's motion to amend, reasoning that "[u]nder Individual Rule 3.B, [Plaintiff] had 21 days to decide [to]: **either** stand on his original complaint by filing an opposition brief **or** file an amended complaint as of right," and that Plaintiff "chose to stand on his complaint." Dkt. 41 at 3-4.  Defendant contends that Plaintiff's "asserted reasons to amend reflect only items known when he made that election," *id.* at 4, and that the timing of Plaintiff's motion evinces "an illicit objective[] to derail" a fully briefed motion to dismiss, *id.* at 2.  Accordingly, Defendant argues that permitting amendment and mooting the pending motion to dismiss would be prejudicial insofar as it would unnecessarily "waste the time of the Court and of the parties." *Id.* at 5.  Defendant does not aver that amendment would be futile, for example, and specifies that its objection is to Plaintiff's purported "gamesmanship in his timing of this motion" rather than "a blanket objection to requested amendments now without mooting the pending motion to dismiss, or later by extending the deadline for such motions." *Id.*

"A plaintiff may file an amended complaint even though a motion to dismiss the original complaint is pending." *Lindell v. Mail Media Inc.*, 575 F. Supp. 3d 479, 484

(S.D.N.Y. 2021) (citing *Pettaway v. Nat'l Recovery Sols., LLC*, 955 F.3d 299, 304 (2d Cir. 2020)).  Indeed, the parties' agreed-upon Case Management Plan permits the parties to file motions for leave to amend by July 11, 2025, *see* Dkt. 29, and Plaintiff's motion was timely filed on that day, *see* Dkt. 37.  "District courts in this Circuit have repeatedly explained that, when faced with an amended complaint, they may either deny a pending motion to dismiss as moot or consider the merits of the motion, analyzing the facts as alleged in the amended pleading." *Pettaway*, 955 F.3d at 303.  The Second Circuit has endorsed this approach, "hold[ing] that when a plaintiff properly amends her complaint after a defendant has filed a motion to dismiss that is still pending, the district court has the option of either denying the pending motion as moot or evaluating the motion in light of the facts alleged in the amended complaint." *Id.* at 303-04.  Although Plaintiff's proposed FAC adds new allegations regarding Plaintiff's retirement date, which is an issue raised in the pending motion to dismiss, the FAC's other changes are relatively minor and do not moot all of Defendant's arguments for dismissal.  Accordingly, the Court will allow Plaintiff to file the FAC.  Rather than deny the pending motion to dismiss as moot, the Court will "consider[] the motion in light of the allegations in the amended complaint." *Id.* at 304.  This approach will prevent the parties from expending unnecessary resources on a new round of briefing based on an amended complaint with relatively modest changes, conforms with Rule 15's liberal pleading standard, and addresses Defendant's cited concerns regarding any potential prejudice that could arise from mooting its pending motion.

     Accordingly, Plaintiff's motion for leave to file an amended complaint is GRANTED.  Plaintiff shall forthwith file the FAC on the docket.  The Court will not deny the pending

motion to dismiss as moot and will address Defendant's arguments for dismissal based on the allegations in Plaintiff's amended pleading.[1]

## II. Defendant's Motion to Stay Discovery

Under Rule 26(c), "a district court has considerable discretion to stay discovery" upon "a showing of good cause." *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018) (alteration in original) (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013)). Because "[a] motion to dismiss does not automatically stay discovery" in most cases, "discovery should not be routinely stayed simply on the basis that a motion to dismiss has been filed." *Ema Fin., LLC v. Vystar Corp.*, 336 F.R.D. 75, 79 (S.D.N.Y. 2020) (quoting *Hong Leong*, 297 F.R.D. at 72). To determine whether a stay of discovery is warranted, courts "must look to the particular circumstances and posture of each case," *id.* (citation omitted), and "should consider multiple factors, including the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay," *Del Mar TIC I, LLC v. Bancorp Bank*, No. 23-cv-08999 (JLR), 2024 WL 1348501, at *1 (S.D.N.Y. Mar. 29, 2024) (alteration in original) (quoting *Christie's, Inc.*, 316 F. Supp. 3d at 677). "The moving party bears the burden of demonstrating good cause under [Rule] 26(c)." *Ema Fin.*, 336 F.R.D. at 79.

Regarding the first factor, Defendant argues that Plaintiff's 51 requests for production "are sweepingly broad" insofar as they "go far beyond the terms of [the] Note and Stock Warrant" subject to the Complaint, "go far beyond communications between [the parties],

---

[1] If Defendant believes that limited, supplemental briefing is needed to respond to any new allegations asserted in the FAC, it may, but need not, submit a letter brief, not to exceed three pages, no later than September 26, 2025. Plaintiff's response, if any, would be due no later than October 3, 2025, and also shall not exceed three pages.

5

reaching into [Defendant]'s communications with its creditors," and would require "a significant amount of work to retrieve." Dkt. 33 at 2.  Plaintiff responds that Defendant's aversions of breadth and burden are conclusory and unsupported by any evidence or detailed explanation.  Dkt. 36 at 2.  While Defendant's arguments are brief, the Court finds that the breadth of discovery in this case is sufficiently supported by the content of Plaintiff's discovery requests, which Defendants attach to their letter motion.  *See* Dkt. 33-2.  Plaintiff seeks, for example, "all documents pertaining to or constituting any communications between" Defendant and a variety of nonparties, including communications with any Noteholder or Warrant holder "describing, outlining or otherwise setting forth the rights and/or obligations" of a Noteholder or Warrant holder, *id.* at 2, 3, communications with nonparty creditors pertaining to the Note and Warrant, *see id.* at 15-19, and related documents involving individuals who are "similarly situated" to Plaintiff, *id.* at 10.  Plaintiff also seeks a variety of documents and communications pertaining to Defendant's merger with Plaintiff's former firm and the bases of various related agreements with equity partners, *see id.* at 4, 10-13, in addition to potentially privileged documents analyzing defendant's liability under the Note and Warrant, *see id.* at 19-20.  While the requested discovery is not exceptionally burdensome, it is certainly broad and complex, and it reaches a variety of potentially sensitive communications and documents pertaining to major transactions and agreements and involving a not-insignificant swath of third parties.  *See, e.g.*, *Spinelli v. Nat'l Football League*, No. 13-cv-07398 (RWS), 2015 WL 7302266, at *2 (S.D.N.Y. Nov. 17, 2015) (staying discovery where requests pertained to intricate contractual provisions and implicated a large number of entities); *Integrated Sys. & Power, Inc. v. Honeywell Int'l, Inc.*, No. 09-cv-05874 (RPP), 2009 WL 2777076, at *1 (S.D.N.Y. Sept. 1, 2009) (staying discovery where requests involved business arrangements with multiple nonparties); *Gross v. Madison Square*

*Garden Ent. Corp.*, No. 23-cv-03380 (LAK) (JLC), 2023 WL 6815052, at *2 (S.D.N.Y. Oct. 17, 2023) (staying discovery where requests involved production of agreements that would be subject to protective order and "could potentially interfere with [defendant's] contractual relations with its vendors and their employees"). And while Plaintiff "reject[s] the contention that [it is] seeking broad discovery as . . . conclusory," he "do[es] not articulate any limiting principle for the discovery sought pre-motion." *Spinelli*, 2015 WL 7302266, at *2 (citation omitted); *see* Dkt. 36 at 2. This factor thus weighs in favor of a discovery stay.

Turning to the second factor, the Court finds that the relative breadth of the requested discovery outweighs any minimal prejudice Plaintiff would face from a brief stay in this case, which is barely six months old. Although Plaintiff takes issue with the fact that Defendant did not inform him that it would be seeking a discovery stay until after Defendant already served discovery on Plaintiff pursuant to the parties' previously agreed-upon discovery schedule, *see* Dkt. 36 at 2, Defendant moved for a stay only two days after Plaintiff served its discovery requests, *see* Dkt. 33-2 at 21; Dkt. 33, and Plaintiff does not aver that he has responded to any of Defendant's requests. Plaintiff offers no other reason why a limited stay would be prejudicial and has not otherwise "articulated any compelling reason why [the requested discovery] needs to be produced while the motion to dismiss is pending." *Gross*, 2023 WL 6815052, at *2; *see also id.* ("[A] stay 'may also have the advantage of simplifying and shortening discovery in the event that some of plaintiffs' claims are dismissed and others survive, by limiting the scope of the parties' inquiry to claims that have been established as potentially viable.'" (quoting *Spinelli*, 2015 WL 7302266, at *2)); *Shulman v. Becker & Poliakoff, LLP*, No. 17-cv-09330 (VM) (JLC), 2018 WL 4938808, at *4 (S.D.N.Y. Oct. 11, 2018) ("This case is not even a year old, and '[a] stay pending determination of a dispositive motion that potentially eliminates the entire action will neither substantially nor unduly delay

7

the action, should it continue.'" (quoting *Spinelli*, 2015 WL 7302266, at *2)); *cf. Bethpage Water Dist. v. Northrop Grumman Corp.*, No. 13-cv-06362 (SJF) (WDW), 2014 WL 6883529, at *3 (E.D.N.Y. Dec. 3, 2014) ("[A]ny marginal impact on the evidence and/or memories of witnesses does not outweigh the substantial burden and expense of conducting time-consuming fact and expert discovery on all issues in this case pending a decision on a potentially dispositive motion."). Accordingly, this factor also weighs in favor of a discovery stay.

As to the third factor, while Plaintiff has raised significant opposition, Defendant has made serious arguments in its motion to dismiss that would resolve the entire case if granted. Given this and the prior two factors, the scales tip in favor of a discovery stay.

Accordingly, Defendant's motion for a stay of discovery pending resolution of the motion to dismiss is GRANTED. All discovery deadlines are thus adjourned *sine die* and shall be reset, if necessary, pending this Court's decision on the motion to dismiss.

The Clerk of Court is respectfully directed to terminate the pending motions at Dkts. 33 and 37.

Dated: September 15, 2025
New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge

8