**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| SANTIAGO PUJALS,<br><br>    *Plaintiff*,<br><br>v.<br><br>BDO USA, P.C.,<br><br>    *Defendant*. | Case No.: 1:25-CV-01757 (JLR)<br><br>**STIPULATED CONFIDENTIALITY AGREEMENT AND [PROPOSED] PROTECTIVE ORDER** |

JENNIFER L. ROCHON, United States District Judge:

WHEREAS, the parties to this action (collectively the "Parties," and individually, a "Party") having agreed to the following terms of confidentiality, and the Court having found that good cause exists for the issuance of an appropriately tailored confidentiality order pursuant to Federal Rule of Civil Procedure 26(c) (this "Protective Order");

IT IS HEREBY ORDERED that any person subject to this Protective Order, including without limitation the Parties to this action, their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Protective Order, shall adhere to the following terms:

1. Any person subject to this Protective Order who receives from any other person subject to this Protective Order any "Discovery Material" (i.e., information of any kind produced or disclosed pursuant to and in course of discovery in this action) that is designated as "Confidential" or "Highly Confidential" pursuant to the terms of this Protective Order (hereinafter "Confidential Material") shall not disclose such Confidential Material to anyone else except as expressly permitted hereunder.

2. Discovery Material may be designated "Confidential" by any Party if counsel for that Party determines, in good faith, that such designation is necessary to protect documents and/or information as set forth in Federal Rule of Civil Procedure 26(c).

3. Discovery Material may be designated "Highly Confidential" by any Party or the producing Party if counsel reasonably and in good faith believes the material contains or reflects highly confidential information that comprises sensitive business, commercial, financial, proprietary, research, or medical information that has not been made public and could cause a Party or individual to suffer competitive or other harm if publicly known or known by the non-

<span style="color:red">Exhibit 1</span>

designating Party, or agents or employees of the Parties who would have access to the Discovery Material under this Protective Order.

4.    With respect to the Confidential or Highly Confidential portion of any Discovery Material (other than deposition transcripts and exhibits), the producing Party may designate such portions by stamping or otherwise clearly marking each page as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" in a manner that will not interfere with legibility or audibility.  Where such marking is impossible or impractical (such as with productions of groups of documents in native form), the producing Party shall state the designation of any Confidential Material in writing contemporaneously in a manner that is sufficiently clear to identify the Confidential Material.

5.    With respect to deposition transcripts, a producing Party or non-Party or that person's counsel may designate such portions as "Confidential" or "Highly Confidential" either by (a) indicating on the record during the deposition that a question calls for Confidential or Highly Confidential information, in which case the reporter will bind the transcript of the designated testimony (consisting of question and answer) in a separate volume and mark it as "Confidential and/or Highly Confidential Information Governed by Protective Order"; or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript and/or the specific exhibits that are to be designated Confidential or Highly Confidential, in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript or exhibit (as the case may be), in their possession or under their control as directed by the producing person or that person's counsel. During the 30-day period following the conclusion of a deposition, the entire deposition transcript will be treated as if it had been designated Confidential.

6.    The disclosure of a document or information without designating it as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" shall not constitute a waiver of the right to designate such document or information as Confidential Material.  If so designated, the document or information shall thereafter be treated as Confidential Material subject to all the terms of this Protective Order.

7.  Except as otherwise provided, Confidential Material designated as "CONFIDENTIAL" shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

(a)  the Parties to this action, their insurers, and counsel to their insurers;

(b)  counsel for the Parties, including any paralegal, clerical person, and other assistant employed by counsel and assigned to this matter;

(c)  outside vendors or service providers (such as copy-service providers and document-management consultants, graphic production services or other litigation support services) that counsel hire and assign to this matter, including computer service personnel performing duties in relation to a computerized litigation system;

Exhibit 1

(d)    any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the form annexed hereto as Exhibit A;

(e) as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(f) any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed the form annexed hereto as Exhibit A;

(g)  any person retained by a Party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed the form annexed hereto as Exhibit A;

(h) stenographers engaged to transcribe depositions conducted in this action; and

(i) this Court, including any appellate court, and the court reporters and support personnel for the same.

8. Except as otherwise provided, Confidential Material designated as "HIGHLY CONFIDENTIAL" shall not be shown, distributed, quoted, or summarized in any way to anyone other than:

(a) counsel for the receiving Party;

(b) independent experts or consultants retained by counsel to the Parties in this action to assist in the preparation of this matter for litigation, provided that counsel of record for the receiving Party believe in good faith that it is necessary for the expert or consultant to review such materials and any such experts and consultants execute an undertaking to be bound by this Protective Order, in the form annexed hereto as Exhibit A prior to disclosure;

(c)  a director, officer, employee, or agent of the employer for which the person is testifying as a designee under Federal Rule of Civil Procedure 30(b)(6) and the material is relevant to the topics for which the individual has been designated to testify;

(d)  any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed the form annexed hereto as Exhibit A;

(e)  witnesses deposed in this action or who appear at any hearing or trial in this action, provided that such witnesses are limited to the author(s) and recipients of any such material and any other person(s) who it is apparent from the face of the material has seen such material, but only to the extent disclosure occurs in preparation for and/or during such deposition, hearing or trial, provided that counsel making such disclosure shall inform each such person that the

3

Exhibit 1

material is highly confidential and may not be disclosed or used except as provided in this Protective Order; and

(f) to such other persons as counsel for the producing Party agrees in advance or as ordered by the Court.

9. Any Party who objects to any designation of confidentiality may at any time prior to the trial of this action serve upon counsel for the designating person a written notice stating with particularity the grounds of the objection. If the Parties cannot reach agreement promptly, counsel for all Parties will address their dispute to this Court in accordance with Paragraph 2(E) of this Court's Individual Practices in Civil Cases.

10. Absent the prior written consent of the producing Party or an order of the Court, no receiving Party shall upload, submit, disclose, quote, feed, or otherwise provide any Confidential Material to any artificial intelligence, machine learning, language model, generative text, or similar technology or service (collectively, "AI Tool") unless that AI Tool:

(a) is an enterprise-grade platform that the receiving Party (or its counsel) has licensed;

(b) is subject to a binding written agreement that (1) requires the provider to keep all user-supplied data strictly confidential, and (2) expressly prohibits the provider from using such data for training, fine-tuning, product improvement, or any purpose other than providing the contracted-for services; and

(c) employs technical and organizational security measures reasonably designed to prevent any unauthorized access, disclosure, or use of Confidential Material. The obligations and restrictions of this paragraph apply even where the data or the Confidential Material has been anonymized.

11. Recipients of Confidential Material under this Protective Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and specifically (and by way of example and not limitations) may not use Confidential Material for any business, commercial, or competitive purpose. Nothing contained in this Protective Order, however, will affect or restrict the rights of any person with respect to its own documents or information produced in this action. Nor does anything contained in this Protective Order limit or restrict the rights of any person to use or disclose information or material obtained independently from and not through or pursuant to the Federal Rules of Civil Procedure.

12. Nothing in this Protective Order will prevent any person subject to it from producing any Confidential Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided, however, that such person receiving a request, will, unless prohibited by law, provide written notice to the producing person before disclosure and as soon as reasonably possible, and, if permitted by the time allowed under the request, at least

4

Exhibit 1

10 days before any disclosure. Upon receiving such notice, the producing person will have the right to oppose compliance with the subpoena, other compulsory process, or other legal notice if the producing person deems it appropriate to do so.

13. All persons seeking to file redacted documents or documents under seal with the Court shall follow Rule 4(B) of this Court's Individual Practices in Civil Cases. Notwithstanding its designation, there is no presumption that Confidential Material will be filed with the Court under seal. The Parties will use their best efforts to minimize such sealing.

14. Each person who has access to Discovery Material that has been designated as Confidential or Highly Confidential shall take all due precautions to prevent the unauthorized or inadvertent disclosure of such material. Nothing herein shall be construed as (a) a waiver by any Party of its right to object to any discovery request; (b) a waiver of any privilege or protection; (c) an admission by any party regarding the admissibility or relevance at trial of any document, testimony, or other evidence; or (d) an agreement that any document or portion thereof designated as Confidential or Highly Confidential is properly so designated, or that such material should be filed under seal rather than on the public docket. Each party reserves the right to object to the use or admissibility of all Confidential Material disclosed, in accordance with applicable law and Court rules.

15. The inadvertent production of privileged and/or work-product-protected Discovery Material ("Inadvertently Disclosed Information") is not a waiver of the privilege or protection from discovery in this case or in any other federal, state, or any other proceeding. If Inadvertently Disclosed Information is subject to a claim of privilege or other protection, the obligations of the receiving Party are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B). Counsel for the receiving Parties shall take reasonably necessary steps to assure the confidentiality of Confidential Material contained in the Inadvertently Disclosed Information, including reasonable efforts to secure the return or destruction of the Confidential Material by individuals to whom disclosure was made but who would not have been permitted by this Protective Order had the Discovery Material been originally designated as Confidential Material. In all events, if the producing Party seeks to claw back any Inadvertently Disclosed Information, the producing Party shall also produce a privilege log with respect to the Inadvertently Disclosed Information according to the requirements of any applicable case management order.

16. Any Personally Identifying Information ("PII") (e.g., social security numbers, financial account numbers, passwords, and information that may be used for identity theft) exchanged in discovery shall be maintained by the receiving Party in a manner that is secure.

17. At the conclusion of litigation, Confidential Material and any copies thereof shall be promptly (and in no event later than 30 days after entry of final judgment no longer subject to further appeal) returned to the producing Party or certified as destroyed, except that the Parties' counsel shall be permitted to retain their working files on the condition that those files will remain protected.

5

Exhibit 1

18.  All persons subject to this Protective Order acknowledge that willful violation of this Protective Order could subject them to punishment for contempt of Court.  This Court shall retain jurisdiction over all persons subject to this Protective Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

**SO ORDERED.**

Dated:  June 15, 2026
        New York, New York

_Jennifer Rochon_
Hon. Jennifer L. Rochon
United States District Judge

**SO STIPULATED AND AGREED.**

Dated: June 12, 2026

/s/ *Paul J. Schwiep*

Paul J. Schwiep
Daniel F. Blonsky
Coffey Burlington, P.L.
2601 South Bayshore Drive
Penthouse One
Miami, FL 33133
(305) 858-2900
pschwiep@coffeyburlington.com
dblonsky@coffeyburlington.com

James Harry Oliverio
Anselmi & Carvelli, LLP
101 Avenue of the Americas
8th and 9th Floors
New York, NY 10013
(201) 308-0070
jholiverio@acllp.com

*Counsel for Plaintiff Santiago Pujals*

/s/ *Nicolle L. Jacoby*

Nicolle L. Jacoby
Tanya K. Warnke
Dechert LLP
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036
(212) 698-3500
nicolle.jacoby@dechert.com
tanya.warnke@dechert.com

Michael J. Sheehan
444 West Lake Street
Chicago, IL 60606
(312) 646-5800
michael.sheehan@dechert.com

*Counsel for Defendant BDO USA, P.C.*

This stipulation binds the parties to treat as confidential the documents so classified.  This Court, however, has not reviewed the documents referenced herein.  Accordingly, by so ordering this stipulation, the Court makes no finding as to whether the documents are confidential.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  *See Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119-20 (2d Cir. 2006).  To that end, the Court does not "so order" any provision to the extent that it purports to authorize the parties to file documents under seal absent an order from the Court.

Exhibit 1

# Exhibit A

Exhibit 1

**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

SANTIAGO PUJALS,

       *Plaintiff*,

v.

BDO USA, P.C.,

       *Defendant*.

Case No.: 1:25-CV-01757 (JLR)

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

The undersigned hereby acknowledges that he/she has read the Stipulated Confidentiality Agreement and Protective Order (the "Protective Order") in the above-captioned action, understands the terms thereof, and agrees to be bound by its terms.  The undersigned submits to the jurisdiction of the United States District Court for the Southern District of New York in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use confidential material in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm, or entity, or to utilize the confidential material except in connection with this litigation.  The undersigned acknowledges that any violation of the Protective Order by him/her or anyone acting under his/her direction may subject him/her to penalties, including contempt of court.

**Name:** _____

**Job Title:** _____

**Employer:** _____

**Business Address:** _____

_____
**City**                  **State**           **Zip Code**

_____
**[Signature]**                **[Date]**

8

Exhibit 1