DECHERT

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax

**Nicolle Jacoby**
*Partner*

nicolle.jacoby@dechert.com
+1 212 698 3820 Direct
+1 212 698 0470 Fax

July 31, 2026

**VIA CM/ECF**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Santiago Pujals, Jr. v. BDO USA, P.C.*, Case No. 1:25-cv-01757-JLR

Dear Judge Rochon:

Pursuant to the Court's July 29, 2026 Order Denying Plaintiff's Expedited Unopposed Motion to Seal Filed Exhibits, the Stipulated Protective Order entered by the Court (the "Protective Order") (Dkt. No. 85), and Rule 4.B of Your Honor's Individual Rules of Practice, Defendant BDO USA, P.C. ("BDO") requests that the Court seal narrow portions of Exhibit 1 to Plaintiff Santiago Pujals, Jr.'s ("Pujals") July 28 letter opposing BDO's Motion to Quash the Morgan Stanley Subpoena ("MTQ"). *See* Dkt. No. 97-1 through 4.[1] Specifically, BDO requests the Court seal:

- **BDO00001267 (Part 1 of Ex. 1) (portion of Lender Process Summary)**
- **BDO00001276–1280 (Part 2 of Ex. 1) (Former FSP Transaction Economics)**
- **BDO00001288 (Part 2 of Ex. 1) (portion of Former VSP Economic Overview)**
- **BDO00001309 (Part 3 of Ex. 1) (Corporate Tax Impact of ESOP)[2]**

Pujals filed a 93-page internal confidential BDO slide deck presented to BDO principals on August 10, 2023 as a four-part exhibit opposing BDO's MTQ, even though it was contemporaneously marked confidential, and designated as such under the Protective

[1] Under § 13 of the Protective Order and Rule 4(B)(iii)(a) of Your Honor's Individual Rules of Practice, Pujals was required to meet and confer with BDO and to give BDO the opportunity to move to seal within three days. Pujals instead filed Exhibit 1 on the public docket. On July 28, 2026, BDO's counsel notified Pujals' counsel that he had violated the Protective Order and requested he withdraw any exhibits filed containing confidential information until the parties could file a joint motion to seal in accordance with Your Honor's Individual Rules. He still has not done so.

[2] BDO is contemporaneously filing this letter motion with its narrowly tailored proposed redactions to Exhibit 1 and will file a separate complete Exhibit 1, with its proposed redactions highlighted under seal.

DECHERT



Order. Pujals did so gratuitously; the vast majority of Exhibit 1 is irrelevant to the MTQ. Pujals cites only certain slides presented by Morgan Stanley and one slide summarizing the consideration Former Variable Share Partners ("VSPs"), such as Pujals, would receive in the ESOP transaction in opposing the MTQ. *See* Dkt. No. 97 at 1 (citing BDO00001310-33, 1287). The balance of Exhibit 1 largely concerns the ESOP (in which Pujals did not participate), confidential lender financing terms, transaction economics for individuals other than Pujals, and BDO's confidential corporate tax planning and strategy, none of which relates to Pujals or the MTQ. BDO does not seek to seal the twenty-five pages Pujals cites; it seeks only to seal the few pages in whole or part that contain irrelevant confidential, competitively sensitive financial, business and strategic tax planning information.

To evaluate a motion to seal, a court must determine (1) whether the document is a "judicial document;" (2) if so, whether the presumption of public access attaches; and (3) if so, how to balance that presumption against competing considerations. *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110, 119 (2d Cir. 2006). Documents produced in discovery "are not ordinarily considered judicial documents . . . [and] [t]his does not change when a Court assesses such documents in a discovery motion." *Authors Guild v. OpenAI Inc.*, No. 23-CV-8292 (SHS) (OTW), 2025 WL 66500, at *2 (S.D.N.Y. Jan. 10, 2025). When such materials are filed "'pursuant to a confidentiality agreement,' the Second Circuit has held it is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.'" *Id.* (citations omitted).

*Cypress Holdings, III, L.P. v. Sport-BLX, Inc.* is not to the contrary. There, the Court held documents filed with dispositive submissions were judicial documents. No. 22 Civ. 1243 (LGS), No. 22 Civ. 08111 (LGS), 2025 WL 2408919, at *1 (S.D.N.Y. Aug. 20, 2025). Similarly, in *Olson v. Major League Baseball*, the materials qualified as judicial documents because they were "explicitly referred to, and quoted, in plaintiff's proposed [second amended complaint]." 29 F.4th 59, 88 (2d Cir. 2022). That is not the case here. BDO seeks to seal only narrow portions of a document that is largely irrelevant both to Plaintiff's claims and the MTQ. *See BAT LLC v. TD Bank, N.A*, No. 15 CV 5839 (RRM) (CLP), 2019 WL 13236131, at *8 (E.D.N.Y. Sept. 24, 2019) (sealing documents that "played only a marginal role in the progress of th[e] case").

Regardless, the presumption of public access is "weak," where the "relevance [of the information] to… the motion is minimal." *City of Almaty v. Ablyazov*, No. 15-CV-5345 (AJN), 2021 WL 1177737, at *1 (S.D.N.Y. Mar. 29, 2021). The Court "must 'balance competing considerations against it,'" including "'the privacy interests of those resisting disclosure.'" *Lugosch*, 435 F.3d at 120 (quoting *U.S. v. Amodeo*, 71 F.3d 1044, 1050 (2d

DECHERT



Cir. 1995) ("*Amodeo II*")). Confidentiality of "proprietary business information, such as internal analyses, business strategies, or customer negotiations" is a "legitimate basis to rebut the public's presumption to judicial documents." *See Sec. & Exch. Comm'n v. Telegram Grp. Inc.*, No. 19-CV-9439 (PKC), 2020 WL 326264, at *3 (S.D.N.Y. June 17, 2020); *Dodona I, LLC v. Goldman, Sachs & Co.*, 119 F. Supp. 3d 152, 156 (S.D.N.Y. 2015).

Applying these standards, the requested portions of Exhibit 1 should be sealed. *First*, Pujals does not rely on Exhibit 1 beyond the pages BDO does not seek to seal. The balance of the presentation is not "useful in the judicial process." *Lugosch*, 435 F.3d at 119 (quoting *U.S. v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995) ("*Amodeo I*")). *Second*, even if the presentation qualifies as a judicial document, its relevance to the MTQ is minimal at best, so only a weak presumption of public access applies. *Third*, BDO has strong countervailing privacy and business interests in maintaining the confidentiality of its tax planning and strategy and lending and financing terms, which are nonpublic and if disclosed, could harm its ongoing relationships with lenders and impact future financing. Similarly, it has an interest in protecting its confidential information, including share price modeling and transaction details for principals other than Pujals. These interests outweigh any slight presumption of public access to the portions of the presentation BDO seeks to seal. Finally, BDO's proposed redactions are "narrowly tailored to protect[]" its "sensitive business information." *Hanks v. Voya Ret. Ins. & Annuity Co.*, No. 16-CV-6399 (PKC), 2021 WL 2451981, at *2 (S.D.N.Y. June 16, 2021). BDO seeks to seal fewer than 8 pages (or portions thereof) with no relevance to the MTQ or Plaintiff's claims.

For the foregoing reasons, BDO respectfully requests that the Court seal the protected materials identified above.

Respectfully submitted,

/s/ *Nicolle L. Jacoby*
Nicolle L. Jacoby

cc: All counsel of record (by ECF)

Request GRANTED. In *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated a three-step test to assess the public right of access to judicial documents. *Id.* at 119-20. First, the Court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, "[i]f the Court determines that the documents at issue are in fact judicial documents, a common law presumption of access attaches, and the Court must then determine the weight to be given to that presumption." *In re Tether & Bitfinex Crypto Asset Litig.*, No. 19-cv-09236 (KPF), 2026 WL 178808, at *1 (S.D.N.Y. Jan. 21, 2026); *accord Lugosch*, 435 F.3d at 119. Third, the Court is directed to weigh the presumption of public access attached to the document against the countervailing factors, *Lugosch*, 435 F.3d at 120, which may include the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-md-02532 (VSB), 14-mc-02542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (citation omitted).

"While the Second Circuit has not explicitly held that documents submitted in connection with discovery motions are not judicial documents," courts in this District have done so. *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017); *see, e.g.*, *In re Tether*, 2026 WL 178808, at *2; *Nichols v. Noom Inc.*, No. 20-cv-03677 (LGS) (KHP), 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021); *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-03143 (SHS) (OTW), 2025 WL 3697877, at *2 (S.D.N.Y. Dec. 19, 2025). Thus, the common law presumption of access does not apply to the document to which Defendant seeks to apply narrow redactions. The Court finds that the *Lugosch* factors weigh in favor of sealing here.

**The Clerk of Court is respectfully directed to seal Dkts. 97-1, 97-2, and 97-3.** By **August 5, 2026**, Defendant shall file a public version of Exhibit 1 on the docket in line with the proposed redactions identified in the attachments to this letter motion, Dkts. 104-1-104-4. This opinion terminates the motion at Dkt.104.

**SO ORDERED.**

Dated: August 3, 2026
New York, New York

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**