COFFEY BURLINGTON

**PAUL J. SCHWIEP**
pschwiep@coffeyburlington.com

2601 South Bayshore Drive
Penthouse One
Miami, Florida 33133
305.858.2900
www.coffeyburlington.com

**VIA ECF**

September 18, 2026

Hon. Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Courtroom 20B
New York, New York 10007

**Re: Santiago Pujals, Jr. vs. BDO USA, P.C.**
**USDC SDNY Case No. 1:25-cv-01757**

Dear Judge Rochon:

Pursuant to Your Honor's Individual Rule 2.E, Plaintiff Santiago Pujals, Jr. respectfully requests that the Court temporarily restrict public access to Exhibits 4 and 5 of ECF No. 118 and permit those documents to be maintained under seal, as Defendant BDO USA, P.C. contends these documents should be sealed.

Respectfully submitted,

Paul J. Schwiep

PJS:yvb

cc: All counsel via CM-ECF

Request GRANTED. It bears note that this is the second time Plaintiff appears to have filed documents without first addressing Defendant's confidentiality concerns, thereby necessitating an "emergency" sealing motion. *See* Dkts. 98, 100, 204, 106. Plaintiff is admonished that, going forward, the parties must confer regarding any potential confidentiality concerns before filing such materials on the public docket.

Turning to the motion, in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), the Second Circuit articulated a three-step test to assess the public right of access to judicial documents. *Id.* at 119-20. First, the Court must "conclude that the documents at issue are indeed 'judicial documents,'" meaning that the item is "relevant to the performance of the judicial function and useful in the judicial process." *Id.* at 119 (quoting *United States v. Amodeo*, 44 F.3d 141, 145 (2d Cir. 1995)). Second, "[i]f the Court determines that the documents at issue are in fact judicial documents, a common law presumption of access attaches, and the Court must then determine the weight to be given to that presumption." *In re Tether & Bitfinex Crypto Asset Litig.*, No. 19-cv-09236 (KPF), 2026 WL 178808, at *1 (S.D.N.Y. Jan. 21, 2026); *accord Lugosch*, 435 F.3d at 119. Third, the Court is directed to weigh the presumption of public access attached to the document against the countervailing factors, *Lugosch*, 435 F.3d at 120, which may include the "need to protect sensitive commercial information from disclosure to competitors seeking an advantage," *In re Keurig Green Mountain Single-Serve Coffee Antitrust Litig.*, Nos. 14-md-02532 (VSB), 14-mc-02542 (VSB), 2023 WL 196134, at *3 (S.D.N.Y. Jan. 17, 2023) (citation omitted).

"While the Second Circuit has not explicitly held that documents submitted in connection with discovery motions are not judicial documents," courts in this District have done so. *Winfield v. City of New York*, No. 15-cv-05236 (LTS) (KHP), 2017 WL 2880556, at *4 (S.D.N.Y. July 5, 2017); *see, e.g.*, *In re Tether*, 2026 WL 178808, at *2; *Nichols v. Noom Inc.*, No. 20-cv-03677 (LGS) (KHP), 2021 WL 857352, at *1 (S.D.N.Y. Mar. 8, 2021); *In re OpenAI, Inc., Copyright Infringement Litig.*, No. 25-md-03143 (SHS) (OTW), 2025 WL 3697877, at *2 (S.D.N.Y. Dec. 19, 2025). Thus, the common law presumption of access does not apply to the documents that Defendant seeks to have temporarily sealed. The Court therefore finds that the *Lugosch* factors weigh in favor of sealing here.

**The Clerk of Court is respectfully directed to seal Dkts. 118-5, 118-6, and 118-7.** By **September 22, 2026**, Defendant shall submit a letter with proposed redactions to the exhibits and the bases for the same. The Court may revisit this holding if the documents are used in connection with any opinion or order of this Court. This order terminates the motion at Dkt. 120.

**SO ORDERED.**

Dated: September 18, 2026
New York, New York

**JENNIFER L. ROCHON**
**United States District Judge**