DECHERT

**Dechert LLP**
Three Bryant Park
1095 Avenue of the Americas
New York, NY 10036-6797
+1 212 698 3500 Main
+1 212 698 3599 Fax

**Nicolle Jacoby**
*Partner*

nicolle.jacoby@dechert.com
+1 212 698 3820 Direct
+1 212 698 0470 Fax

September 22, 2026

**VIA CM/ECF**

The Honorable Jennifer L. Rochon
United States District Court
Southern District of New York
500 Pearl Street, Room 1920
New York, NY 10007

Re: *Santiago Pujals, Jr. v. BDO USA, P.C.*, Case No. 1:25-cv-01757-JLR

Dear Judge Rochon:

Pursuant to the Court's September 18, 2026 Order granting Plaintiff Santiago Pujals, Jr.'s ("Pujals") letter motion to temporarily seal (the "Order"), Defendant BDO USA, P.C. ("BDO") requests that the Court seal narrow portions of Exhibit 5 to Pujals' September 17, 2026 letter motion requesting a ruling on non-party Stephen Ferrara's Motion to Quash (the "Letter Motion"). *See* Dkt. Nos. 124; 118-6, 118-7. Notably, the portions of the exhibit BDO seeks to seal were the subject of a prior motion to seal by BDO, which was granted by the Court.[1] *See* Dkt. No. 106 (order granting BDO's motion to seal). For the same reasons set forth in BDO's prior Letter Motion to Seal, Dkt. No. 104, and as detailed below, BDO seeks to have the following portions of Exhibit 5 sealed:

- **BDO00001360 (Part 1 of Ex. 5) (portion of Lender Process Summary)**
- **BDO00001369–1373 (Part 1 of Ex. 5) (Former FSP Transaction Economics)**
- **BDO00001381 (Part 1 of Ex. 5) (portion of Former VSP Economic Overview)**
- **BDO00001403 (Part 2 of Ex. 5) (Corporate Tax Impact of ESOP)**[2]

The basis for sealing the requested pages is as follows:

[1] The instant Exhibit 5 differs from the earlier sealed exhibit only insofar as it contains "speaker notes" on certain slides.

[2] Pursuant to the Court's Order, BDO is contemporaneously filing this letter motion with its narrowly tailored proposed redactions to Exhibit 5. *See* Dkt. Nos. 129-1 and 129-2. BDO does not seek to seal Exhibit 4 to Pujals' Letter Motion, which was produced and designated as "confidential" by Morgan Stanley Smith Barney, a third party. *See* Dkt. No. 118-5.

DECHERT



Pujals attaches the same 93-page internal confidential BDO slide deck presented to BDO principals on August 10, 2023 that was the subject of BDO's prior Letter Motion to Seal. That slide deck, which was produced in discovery by BDO and is designated "confidential," is largely irrelevant to his Letter Motion. Pujals cites only one page of the presentation (BDO00001351) specifically and more generally references Mr. Ferrara as a speaker in the "notes" portion beneath certain slides in support of his argument as to the importance of Mr. Ferrara's testimony regarding the Note and Warrant. *See* Dkt. No. 118 at 2. Putting aside the fact that BDO00001351 is in a section titled "ESOP Overview," and concerns the ESOP, *in which Mr. Pujals did not participate* and not the Note and Warrant, BDO is not seeking to seal any portion of that slide. It is however seeking to seal other portions of the presentation that concern confidential ESOP details, confidential lender financing terms, certain confidential transaction economics details, including for individuals other than Pujals, and BDO's confidential corporate tax planning and strategy—none of which relates to Pujals' claims or has any bearing on Mr. Ferrara's motion to quash. BDO only seeks to seal the same few pages in whole or in part that contain irrelevant confidential, competitively sensitive financial, business and strategic tax planning information that were previously sealed by the Court.

For all the reasons set forth in BDO's prior Letter Motion to Seal, Dkt. No. 104, and authority cited therein, the common law presumption of access does not apply to the confidential discovery materials at issue and the factors articulated by the Second Circuit in *Lugosch v. Pyramid Co. of Onondaga*, 435 F.3d 110 (2d Cir. 2006), weigh in favor of sealing the narrow portions of the exhibit identified above.

Accordingly, BDO respectfully requests that the Court seal the protected materials identified above.

Respectfully submitted,

/s/ *Nicolle L. Jacoby*
Nicolle L. Jacoby

cc: All counsel of record (by ECF)

Request GRANTED. For the reasons outlined in the Court's prior orders concerning this exhibit, *see* Dkts.106, 124, Defendant's motion to apply narrow redactions to Exhibit 5 is granted. The Court also notes that Defendant does not oppose the unsealing of Exhibit 4.

Accordingly, **the Clerk of Court is respectfully directed to unseal Dkt. 118-5**. The redacted version of Exhibit 5 appended to Defendant's motion, *see* Dkts. 129-1 & 129-2, shall be the operative version.

This order terminates the motion at Dkt.129.

**SO ORDERED.**

Jennifer Rochon

**JENNIFER L. ROCHON**
**United States District Judge**

Dated: September 23, 2026
New York, New York